IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TODD STEVEN ADAMS,                )
                                  )
            Plaintiff,            )
                                  )      No. 08 C 6066
      vs.                         )
                                  )
ST. JAMES HOSPITAL, OLYMPIA       )
FIELDS, et al.,                   )
                                  )
            Defendants.           )

## MEMORANDUM OPINION AND ORDER

Todd Steven Adams brings this suit against St. James Hospital, two of its employees (Karen Smith and Sonya Nelson), and the hospital's security staff. Along with his complaint, he petitions to proceed *in forma pauperis*. For the following reasons, the complaint is dismissed.

Under 28 U.S.C. § 1915(a) we may authorize a plaintiff to proceed *in forma pauperis* if he demonstrates an inability to pay the required costs and fees. In his financial affidavit, plaintiff states that he is not employed, though he does not indicate how long he has been unemployed. He receives $600 per month from Social Security, and lives in a house owned by his father. We are satisfied that he has demonstrated the requisite need.

Our inquiry does not end there, however. In reviewing a petition to proceed *in forma pauperis*, we must analyze the claims and dismiss the action if it is frivolous or malicious (i.e., lacks an arguable basis in law), fails to state a claim upon which relief can be granted, or seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(I)-(iii). In reviewing the petition we apply the standard used under Fed. R. Civ. P. 12(b)(6). Complaints in federal court need only satisfy a notice pleading standard, whereby plaintiffs

give defendants "fair notice" of the claims against them and the grounds on which the claims rest. Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007) (citation omitted). Because the plaintiff is proceeding *pro se*, we construe the complaint liberally. Alvarado v. Itscher, 267 F.3d 648, 651 (7th Cir. 2001) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).

Although the facts alleged in the complaint are not entirely clear, it appears that plaintiff was employed as an aide to a disabled patient by the Illinois Department of Human Services ("IDHS"). The patient, Helen Nauris, was taken to St. James Hospital in Olympia Fields, Illinois, on April 17, 2008, because of swelling in her legs and/or feet. She had been released from St. James one week before being re-admitted. On April 18, 2008, plaintiff tried to visit Nauris at the hospital, but was prevented from doing so by hospital security.

Plaintiff claims that Nelson and Smith complained to IDHS, resulting in plaintiff's termination. He further contends that defendant hospital officials did not conduct an adequate investigation into whether plaintiff's actions contributed to Nauris' medical condition. As a result of his termination, plaintiff was unable to collect unemployment compensation and he suffered financial losses resulting in his inability to see his doctor and his having to drop out of art classes. He seeks just over $14.5 million in damages.

It appears that plaintiff wishes to bring suit for some or all of the following: retaliatory discharge, malicious procurement of discharge, defamation, harassment, interference with a contractual relationship, and negligent and/or intentional infliction of emotional distress. These counts are state law claims. They are therefore not properly brought in this jurisdiction since plaintiff has not alleged that the parties are diverse. If plaintiff wishes to pursue these claims, he will need to do so in state court.

Plaintiff also claims that he was denied due process of law when defendants complained

to IDHS without conducting an adequate investigation into plaintiff's behavior. We read this claim to be a federal one under 42 U.S.C. § 1983, as it arises under the Fifth and Fourteenth Amendments to the U.S. Constitution. To state a claim under § 1983, a plaintiff must allege two elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the activity deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. Case v. Milewski, 327 F.3d 564, 567 (7th Cir. 2003). The Seventh Circuit has recognized two circumstances in which a private defendant may be found to act under color of state law: when the state has cloaked the defendants in some degree of authority, normally through employment or some other agency relationship; or when the defendants have conspired or acted in concert with state officials to deprive a person of his civil rights. *Id.*

In this case there is no allegation that any of the defendants was acting under color of state law. The hospital and its employees are not government entities or employees. Plaintiff does not suggest that they were given any degree of authority by IDHS, nor did they conspire with IDHS to deprive plaintiff of his civil rights. Plaintiff merely alleges that defendants failed to conduct a thorough investigation before complaining to IDHS. This is insufficient to demonstrate that defendants were acting under color of state law.

While it is true that plaintiff's former employer, IDHS, is a state agency, nothing in the complaint suggests that plaintiff's grievance is with IDHS. The complaint therefore fails to state a claim for which relief may be granted.

For the foregoing reasons, plaintiff's complaint is dismissed, and his petition to proceed *in forma pauperis* is denied as moot.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

Jan. 13, 2009.